DORA NEEDELMAN, Landlord-Respondent, *v.* MORRIS LEVINE, Tenant-Appellant.

(Supreme Court, Appellate Term, Second Department, April Term — Filed May, 1921.)

Summary proceedings — non-payment of rent —when court has power to adjudicate reasonable amount of rent — landlord and tenant — statutes — Code Civ. Pro. §§ 2231, 2244.

> Where the petition in a summary proceeding under section 2231 of the Code of Civil Procedure as amended by chapter 945 of the Laws of 1920, for nonpayment of rent, alleges that the rent involved is no greater than the amount for which the tenant was liable for the month next preceding his default, and the tenant pleads that the rent demanded is unjust and unreasonable and that the agreement, therefore, is oppressive, the court, upon findings that such rent is excessive, has power under section 2244 of the Code of Civil Procedure, as amended by chapter 137 of the Laws of 1920, to adjudicate what is the reasonable amount of rent.

APPEAL by the tenant from a final order entered in the office of the clerk of the seventh district Municipal Court of the city of New York, borough of Brooklyn, in a summary proceeding for nonpayment of rent.

Emanuel Mehl, for appellant.

Respondent in person.

MANNING, J. This is a proceeding brought by the landlord to recover possession of premises. The petition alleges a hiring for the term of one month and monthly only; an agreement on the part of the tenant to pay the landlord the sum of thirty-five dollars monthly in advance; a default in payment of said rent; and it further alleges that the rent of the premises involved is no greater than the amount for which the

tenant was liable for the month preceding the said default. The proceeding therefore was brought under section 2231 of the Code as amended by chapter 945 of the Laws of 1920. Under that statute the tenant pleaded the defense that the rent mentioned in the petition is unjust and unreasonable, and that the agreement under which the same is sought to be recovered is oppressive. The landlord then within five days of the filing of the answer, filed a bill of particulars, as prescribed by chapter 945 of the Laws of 1920. After the trial the trial justice found that the rent reserved in the agreement was excessive, and that the reasonable rent for such premises was the sum of twenty-five dollars a month instead of thirty-five dollars as agreed.

On appeal the tenant challenges the power of the court in such a special proceeding to adjudicate what is the reasonable amount of rent. It is true that there is no express delegation of power in chapter 945 of the Laws of 1920 giving the trial justice the right in express terms to decide what is the reasonable amount of rent. Such a power is delegated in chapter 944, which relates to actions to recover for rent only. However, chapter 132 of the Laws of 1920 amended section 2244 of the Code of Civil Procedure to read as follows:

" SECTION 1. Section twenty-two hundred and forty-four of the code of civil procedure is hereby amended to read as follows:

" § 2244. Answer. At the time when the precept is returnable without waiting as prescribed in an action before a justice of the peace, or in a district court in the city of New York, the person to whom it is directed or his landlord, or any person in possession or claiming possession of premises, or a part thereof, may answer, orally or in writing, denying generally the allegations, or specifically any material allegation of the petition, or setting forth a statement of any new

matter constituting a legal or equitable defence, or counterclaim. Such defence or counterclaim may be set up and established in like manner as though the claim for rent in such proceeding was the subject of an action. If the court finds that a defence or counterclaim has been established in whole or in part, it shall, upon rendering a final order, determine the amount of rent due to the petitioner or make such other proper disposition as shall determine the rights of the parties, and may give affirmative judgment for the amount found to be due on the counterclaim. If such answer be oral the substance thereof shall be endorsed upon the petition.

" § 2. This act shall take effect immediately."

Under this statute the court found that the tenant's defense of unreasonableness was sustained. The court then adjudicated that twenty-five dollars was a reasonable amount of rent for the premises in question. We think the court had this power under the section above quoted, and more especially under that part of the statute which reads as follows: " If the court finds that a defence or counterclaim has been established in whole or in part, it shall, upon rendering a final order, determine the amount of rent due to the petitioner *or make such other proper disposition as shall determine the rights of the parties.*"

An adjudication that twenty-five dollars was a reasonable rent was a proper disposition of the issue that determined the rights of the parties.

KELBY and CROPSEY, JJ., concur.

Final order affirmed, without costs.